## Warning

1. This presentation is copyrighted with all rights reserved by The Colom Law Firm, LLC.

2. Presentation of this material is made in accordance with confidentiality agreements. All material in this presentation is confidential.

3. This material is provided in the context of settlement negotiations and for that purpose only. This presentation shall not constitute any waiver of attorney-client privilege. All material contained in this presentation is the work product of The Colom Law Firm, LLC, and is presented without waiver of any rights.



EXHIBIT A

DEC-15-04  18:52   FROM-COLOM LAW FIRM                    +                    T-875  P.003/056  F-380

## TOLLING AGREEMENT

This Tolling Agreement (the "Agreement") is made and entered into by and between Louisiana-Pacific Corporation, a Delaware corporation ("LP") and the clients of the Colom Law Firm listed in Exhibit A, which is attached hereto and incorporated herein (the "Clients"). Hereinafter, LP and the Clients are individually referred to as "Party" or collectively referred to as "Parties."

WHEREAS, the Clients allege that they have been injured or damaged due to exposure to creosote, pentachlorophenol, or chromated copper arsenic (the "Chemicals") allegedly released into the soil, water, and air from LP's Lockhart, Alabama facility (the "Facility") and that LP has liability for such releases;

WHEREAS, LP denies that it has any liability with respect to the foregoing allegations;

WHEREAS, the Parties have expressed an interest in entering into a standstill and tolling agreement governing the claims that the Parties potentially could assert against each other relating to the alleged release of the Chemicals from the Facility for the purpose of resolving such claims without litigation; and

NOW, THEREFORE, in consideration of the covenants herein and the mutual benefits to be derived therefrom, LP and the Clients hereby agree as follows:

1. The Clients and LP agree that all statutes of limitations applicable as of the Effective Date to any rights, claims, causes of action, counterclaims, crossclaims, and defenses relating to the alleged release of the Chemicals from the Facility which either the Clients could assert against LP or LP could assert against the Clients as of the Effective Date shall be tolled for the period between the Effective Date and the Termination Date (the "Tolling Period"). The Tolling Period shall be excluded from all computations of any applicable statutes of limitations. If any lawsuit is commenced against LP relating to the alleged release of the Chemicals from the Facility during the Tolling Period by any of the Clients or persons who were formerly Clients, then this paragraph shall be void in its inception as to such Clients or former Clients, as if this Agreement had never been executed, unless the Parties otherwise agree in writing.

2. The persons executing this Agreement on behalf of the Clients have full authority to agree and do agree that no action will be commenced against the LP by any of the Clients during the Tolling Period.

EXHIBIT B

DEC-15-04  18:53    FROM-COLOM LAW FIRM                                    T-875  P.004/056  F-390

3. The persons executing this Agreement on behalf of the LP have full authority to agree and do agree that no action will be commenced by or on behalf of LP against any of the Clients during the Tolling Period.

4. The Tolling Period established by this agreement shall end and any lawsuits, claims or civil actions may be commenced by either Party upon the earlier of 12 months from the Effective Date or upon 30 days written notice (the "Termination Date").

5. Any notice or other communications made pursuant to this Agreement shall be in writing and hand-delivered, sent by registered or certified mail, via facsimile, or via Federal Express and shall be deemed given or made upon receipt, to the respective Party at the following addresses, or at such other address as shall be specified in a notice given in accordance with this paragraph:

If to Clients:

Wilbur O. Colom
200 Sixth Street North Suite 102
Columbus, MS 39703-0866
Telephone: (662) 327-0903
Fax: (662) 329-4832

If to LP:

Edwin A. Carlson, Esq.
Louisiana-Pacific Corporation
805 SW Broadway, Suite 900
Portland, OR 97205
Telephone: (503) 821-5320
Fax: (503) 821 5105

Time computed under this Agreement shall be in accordance with the Alabama Rules of Civil Procedure or by the Federal Rules of Civil Procedure taking into account Alabama state holidays.

6. Nothing in this Agreement shall constitute an admission of any fact or the assumption of any liability by LP of any kind or that any person, including the Clients, has a valid claim or is otherwise entitled to bring an action against LP. Moreover, this Agreement or any subsequent discussions during the Tolling Period may not be offered as evidence of an admission of such responsibility or liability in any court or legal proceeding. LP does not waive any defense to any claim that may be asserted against it, except for the

express prospective tolling of further running of applicable statutes of limitations during the Tolling Period. Nothing in this Agreement shall constitute a waiver by LP of the right to assert, plead, or otherwise raise any defense based on the running of any applicable statutes of limitations, laches, or any similar defense that may bar a claim based on the passage of time, except that any time accrued during the Tolling Period shall not be used for the purpose of computing expired periods of time.

7. Nothing in this Agreement shall imply or create an obligation on the part of any Party to settle any claim or to engage in good faith settlement negotiations of any claim. However, the Parties agree to meet as reasonably necessary in order to discuss the possibility of settlement after initial evaluations are complete. Unless expressly rejected in writing by either party, the permissible fees and expenses of any mediator shall be equally divided between LP and the Clients. This Agreement shall not be construed to require mediation, only that mediation may take place absent objection by either Party. Any mediator shall be selected by mutual agreement of the Parties. If the Parties do not agree upon a mediator, the mediator shall be selected by LP. If the Parties do not agree upon a mediator and LP fails to select a mediator within 28 days of any settlement discussion meeting, the Clients shall select a mediator. Any Party who cancels mediation after a mediator has been selected shall be responsible for the mediation cancellation charges.

8. The Clients and the Colom Law Firm agree that they shall not directly or indirectly mention LP in any advertising, notice, press release or similar communications during the Tolling Period.

9. The Parties both agree that all Parties participated in the drafting of this Agreement, and therefore, should any provision of this agreement be determined to be ambiguous, such ambiguity shall not be construed for or against either Party.

10. This Agreement shall not revive any rights, claims, causes of action, counterclaims, crossclaims or defenses that are already barred by any applicable provision of law as of the Effective Date.

11. This Agreement may be signed in counterparts by the Parties, and those counterparts, when taken together, shall have the same force and effect as if a single, original document had been signed by both Parties.

12. Any modification or extension to this Agreement must be in writing and signed by the Parties.

13. The undersigned representative of each Party certifies that her or she is fully authorized to enter into the terms and conditions of this Agreement and to legally bind such Party to this Agreement.

14. The Parties have signed this Agreement on the date shown below their respective signatures. This Agreement, for all purposes, shall be deemed to be fully executed and effective on the latest of the dates of execution shown below (the "Effective Date").

FOR THE CLIENTS

By: _____
    W. Eason Mitchell
    The Colom Law Firm

Date: Dec. 10, 2004

Also approved:

By: _____
    Wilbur O. Colom
    The Colom Law Firm

Date: 12-10-04

FOR LOUISIANA-PACIFIC CORPORATION

By: _____
    Its Representative

Date: December 16, 2004